## A95A1672. WOOD v. THE STATE.
### (462 SE2d 625)

ANDREWS, Judge.

Wood appeals from the judgment entered on a jury verdict finding him guilty of driving under the influence of alcohol to the extent it was less safe to drive, driving without a license in his possession, and speeding.

The arresting officer testified he observed Wood driving his car at a high rate of speed on Interstate 85 in Gwinnett County, and he clocked Wood's speed by radar at 87 mph in a 55 mph zone. When the officer stopped Wood, he noticed an odor of alcohol about Wood's person, and Wood admitted he had recently consumed alcoholic beverages. He did not have a driver's license in his possession. After Wood was unable to successfully complete several field sobriety tests, he was arrested on the subject charges. The officer testified that, based on his observations of Wood, including his performance of the field sobriety tests, it was his opinion Wood was under the influence of alcohol to the extent it was less safe for him to drive.

Wood claims the State improperly injected his character into evidence and erroneously failed either to grant his motion for a mistrial or give curative instructions to the jury.

The defense's sole witness was Taylor, a passenger in Wood's car at the time of the arrest, who testified he had known Wood for about ten years. On direct examination by defense counsel, Taylor testified that, prior to the arrest, he and Wood stopped at a bar and drank two glasses of beer apiece. When asked whether he had an opinion as to whether Wood was under the influence of alcohol, Taylor responded: "It wasn't apparent at all. Like I said, I have known Tony [Wood] for quite awhile."

On cross-examination, the prosecutor asked Taylor if he had ever seen Wood under the influence of alcohol to the extent that he thought it would not be safe for Wood to drive a car. Defense counsel

objected on the basis that the question put Wood's character into issue and moved for a mistrial stating that no instructions to the jury would be adequate to cure the harm. The trial court ruled the question was proper cross-examination by the State on an issue raised by the defense on direct and denied the motion. Thereafter, Taylor responded he had previously observed Wood on occasions when he was under the influence of alcohol to the point where it would have been unsafe for him to drive a car. When asked how much beer Wood would have to consume in his opinion to reach that point, Taylor testified it would take a couple of six packs.

The gist of Taylor's direct testimony was that, having observed Wood during the years he had known him and on the day at issue, he was qualified to render an accurate opinion that Wood was not under the influence of alcohol to the extent testified by the arresting officer. Based on his opportunities to observe Wood, Taylor was entitled to give this opinion. *Lawrence v. State*, 157 Ga. App. 264 (277 SE2d 60) (1981); *Eidson v. State*, 167 Ga. App. 184, 185 (305 SE2d 787) (1983); *Durham v. State*, 166 Ga. 561, 562 (144 SE 109) (1928). But having done so, the State was entitled to cross-examine Taylor to determine the facts upon which his opinion was based, including his observations of Wood's consumption of alcohol on previous occasions. *Choice v. State*, 31 Ga. 424, 467 (1860); *Smith v. State*, 174 Ga. App. 744, 746-747 (331 SE2d 91) (1985); *Weston v. State*, 216 Ga. App. 806 (456 SE2d 214) (1995). Having introduced the topic on direct examination of Taylor, Wood cannot complain that the prosecutor followed up on cross-examination, even if the evidence may have incidentally placed Wood's character in issue. *Pless v. State*, 260 Ga. 96, 97-98 (390 SE2d 40) (1990); *Mulkey v. State*, 250 Ga. 444, 446 (298 SE2d 487) (1983); *Lockett v. State*, 188 Ga. App. 645, 646 (373 SE2d 768) (1988). There was no error in the trial court's rulings.

The evidence was sufficient for a rational trier of fact to conclude Wood was guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 6, 1995 —
RECONSIDERATION DENIED SEPTEMBER 21, 1995.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Gary S. Vey, Assistant Solicitors*, for appellee.