## A96A0161. LIVINGSTON v. THE STATE.
### (472 SE2d 163)

BLACKBURN, Judge.

Ronnie Wayne Livingston appeals his conviction for DUI and obstruction of an officer.

On November 12, 1994, Officer Alan Edward Smithwick of the Clayton County Police Department stopped Livingston after observ-

ing the vehicle Livingston was driving weave and cross the fog line. After smelling alcohol on Livingston's breath, Officer Smithwick requested the assistance of a member of the Clayton County DUI Task Force. Officer Shawn R. Witmer responded to the request. Officer Witmer determined that Livingston was intoxicated after observing his demeanor and conducting various field sobriety tests. Livingston was then arrested and later charged with obstructing an officer as well as driving under the influence of alcohol to the extent it was less safe to drive.

1. Livingston argues that the trial court erred in permitting Officer Witmer to testify to the following: "being that alcohol is a depressant, it affects the central nervous system which affects the person's ability to perform some of these [field sobriety] tests." Livingston asserted that this testimony constituted a medical conclusion and was offered without the proper foundation. We disagree, finding the present matter analogous to our decision in *Kimbrough v. State*, 215 Ga. App. 303 (450 SE2d 457) (1994).

In *Kimbrough* we determined that an undercover narcotics officer could offer his opinion, without being qualified as an expert witness, as to the street value of seized cocaine. "It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. . . . To qualify as an expert, generally all that is required is that a person be knowledgeable in a particular matter; his special knowledge may be derived from experience as well as study, and formal education in the subject is not a requisite for expert status." (Punctuation omitted.) Id. at 303. The record reflected that Officer Witmer had five years of law enforcement experience, he had 40 to 50 hours of special training in DUI detection including field sobriety testing, and he had participated in approximately 500 DUI arrests. We find a proper foundation had been laid for him to testify about the effects of alcohol consumption on the body and how field sobriety tests are designed to detect someone who has been drinking. Accordingly, the trial court did not abuse its discretion in overruling Livingston's objection.

2. In his second and third enumerations of error, Livingston asserts that the evidence was insufficient to support his convictions for DUI and obstructing an officer. These enumerations are without merit. Livingston admits that he was drinking prior to his arrest. Additional evidence, viewed in the light most favorable to the verdict, shows that the vehicle Livingston was operating weaved and had difficulty staying within its lane just prior to Officer Smithwick's stop. At the time of the stop, alcohol could be smelled on Livingston's breath, his speech was slurred, he was unsteady on his feet, and he had difficulty performing various field sobriety tests. At the time of

his arrest, Livingston became uncooperative and combative, resisting the officers' attempts to handcuff him. We note further that a videotape of the stop and the arrest was viewed by the jury during the course of the trial. Thus, we find the evidence sufficient to enable a rational trier of fact to find Livingston guilty of both the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I fully concur in the opinion and judgment except that it should be noted, at the least, that the State did not file a brief despite its obligation to do so. Court of Appeals Rule 13 provides expressly that "a brief shall be filed by the appellee in all criminal appeals when the State is the appellee." The importance of fulfillment of this mandate by the State's officers is confirmed by the twice-repeated warning that failure subjects the violator to contempt. Court of Appeals Rules 13 and 26 (b). We have chosen not to impose any sanction in this case, but we do not even have an explanation for the absence of the State's brief.

DECIDED JUNE 4, 1996.

*Lee Sexton*, for appellant.

*Keith C. Martin, Solicitor, Elizabeth A. Baker, Assistant Solicitor*, for appellee.