## A97A2393. THE STATE v. BOWEN.
(498 SE2d 570)

RUFFIN, Judge.

Sylvia Gayle Bowen was arrested for driving under the influence (OCGA § 40-6-391) and weaving in traffic (OCGA § 40-6-48). Bowen moved to suppress the evidence stemming from the arrest, asserting that the arresting officer did not have "reasonable trustworthy information to believe that [she] had committed any criminal offense. . . ." The trial court granted the motion and the State appealed. We reverse.

"In cases involving the review of the grant or denial of motions to suppress or motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous. [Cits.]" *Wells v. State*, 227 Ga. App. 521 (489 SE2d 307) (1997).

Viewed in this light, the evidence at the motion to suppress hearing showed that the arresting officer was traveling northbound on Moody Road during the early morning hours of December 20, 1996. As the officer approached the intersection of Moody Road and Russell Parkway, he noticed a white Jeep Cherokee sitting in the turn lane on Moody Road. Bowen, the driver of the Cherokee, had a green arrow indicating that she could turn left. The officer testified that there appeared to be no reason why Bowen was not turning. As the officer entered the turn lane, Bowen turned left and entered the far right lane of Russell Parkway. The officer followed her. He testified that he saw her drift to her right into the curb lane on at least two occasions. She would then drift back towards the lane divider on her left. Based on Bowen's weaving in the road, the officer initiated the traffic stop, which resulted in Bowen's arrest.

April Lewis, a passenger in Bowen's car, testified at the suppression hearing that as they were exiting the parking lot of a bar to travel on Moody Road, she noticed the arresting officer drive by traveling in the direction that Bowen was heading. As Bowen was driving on Moody Road, Lewis saw the officer, who was traveling some distance in front of them, pull into a convenience store and then pull back onto Moody Road behind Bowen's car. She said that the officer stayed behind Bowen's automobile until initiating the traffic stop. The arresting officer denied that he pulled into the convenience store and turned around and followed Bowen.

Relying on Lewis' testimony concerning the officer's actions in turning around to follow Bowen's car, the trial court found the traffic stop was pretextual.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic

violation has occurred. [Cits.]" *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996). See also *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994) (stop of vehicle authorized if officer observes commission of traffic offense). Moreover, we have "specifically determined that an officer's observation of a motorist's 'weaving' may serve as sufficient reason to warrant an investigative stop for a possible DUI violation. [Cits.]" *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996).

The arresting officer in the instant case witnessed Bowen weaving in her lane of travel and veer into the curb lane. As he witnessed the commission of a traffic offense, the stop was authorized. *Whren*, supra. See also *Allenbrand v. State*, 217 Ga. App. 609 (458 SE2d 382) (1995) (traffic stop made after officer saw defendant weaving within the defendant's lane of travel and going onto the centerline was not pretextual).

Furthermore, even if the arresting officer had an ulterior motive in following Bowen, it is of no consequence as he had probable cause to believe she had violated the traffic laws. The U. S. Supreme Court concluded in *Whren* "that the constitutional reasonableness of traffic stops [does not depend] on the actual motivations of the individual officers involved. . . . Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U. S. at 813.

Accordingly, we find that the traffic stop was not pretextual as the arresting officer witnessed Bowen commit a traffic offense, and thus the trial court erred in granting Bowen's motion to suppress. *Whren*, supra; *Hines*, supra.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 1998.

*John W. Geiger, Solicitor, Cynthia T. Adams, Assistant Solicitor*, for appellant.
*Michael J. Moore*, for appellee.