## A98A1379. PATTERSON v. THE STATE.
### (505 SE2d 518)

POPE, Presiding Judge.

Tony Patterson appeals from his statutory rape and child molestation convictions.

1. Patterson argues the evidence was insufficient to support the convictions because the victim's testimony was uncorroborated by other evidence. As to the child molestation conviction, this argument is without merit because "[t]here is no requirement that the testimony of the victim of child molestation or aggravated child molestation be corroborated." (Citations and punctuation omitted.) *Turner v. State*, 223 Ga. App. 448, 449 (1) (b) (477 SE2d 847) (1996). As to the statutory rape conviction, Patterson is correct in noting that such a conviction shall not be had on the uncorroborated testimony of the victim. See OCGA § 16-6-3 (a). But Patterson is incorrect in claiming that the victim's testimony in this case was not corroborated.

The victim testified that Patterson, a janitor at the victim's school, had sexual intercourse with her in the school building when she was 14 years old. In support of this testimony, the state introduced letters in which the victim wrote to two friends that Patterson had sexual intercourse with her at the school; the state presented the victim's videotaped statement given to the police; a counselor testified that the victim had discussed the sexual assault with her; the doctor who examined the victim a month after the rape testified that the victim said she had been raped by the janitor at her school; and a psychotherapist gave her opinion that the victim's behavior was consistent with the child sexual abuse syndrome.

"The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury." (Citations and punctuation omitted.) *Byars v. State*, 198 Ga. App. 793 (1) (403 SE2d 82) (1991). In the instant case, the victim's trial testimony was sufficiently corroborated by her prior consistent statements, both verbal and written, and by the psychotherapist's testimony that the victim showed signs of the sexual abuse syndrome. *Byars v. State*, supra; *Long v. State*, 189 Ga. App. 131, 132 (1) (375 SE2d 274) (1988).

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866) (1995). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560) (1979). Viewed in the light most favorable to the verdict, the evidence in the present case was sufficient to support the statutory rape and child molestation convictions. See *Wallace v. State*, 228 Ga. App. 686, 687 (1) (492 SE2d 595) (1997).

2. Patterson contends the trial court erred in prohibiting him from presenting evidence that the victim's family and friends did not believe her statements about the sexual assault. This contention is without merit. Credibility of a witness is a matter solely within the province of the jury. OCGA § 24-9-80; *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988). Because Patterson in effect sought to invade the province of the jury by soliciting the opinion of the victim's friends and family about the victim's credibility on the ultimate issue in the case, the court did not abuse its discretion in prohibiting such opinion evidence. See *Nichols v. State*, 221 Ga. App. 600, 603 (5) (473 SE2d 491) (1996); *Bogan v. State*, 206 Ga. App. 696, 698 (2) (426 SE2d 392) (1992).

3. Patterson objects to the trial court's failure to strike a juror for cause after she indicated she could not be impartial due to a prior sexual assault on a friend. Patterson, however, did not raise this objection in the trial court and therefore failed to preserve it for appeal. *Clay v. State*, 214 Ga. App. 160, 161 (2) (447 SE2d 156) (1994). Even if the objection were properly preserved, it is clear from the record that the court committed no error in not striking the juror because she ultimately agreed that she could decide the case based solely on the evidence and the law. "The fact that a potential juror may have some doubt about [her] impartiality or complete freedom from all bias does not demand as a matter of law that the juror be excused for cause. Because the record does not demonstrate that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence, we cannot say that the trial court abused its discretion in declining to strike the juror for cause." (Citations and punctuation omitted.) *Nichols v. State*, 221 Ga. App. at 601 (2). See *Gibbins v. State*, 229 Ga. App. 896, 898-899 (3) (495 SE2d 46) (1997).

4. Patterson argues the trial court erred in refusing to give his requested charge, that the parties in a criminal case have a constitutional right to confront and cross-examine the witnesses against them. "This request states a constitutional principle and is not required to be given as an instruction by the court to the jury. It was not error to refuse to give the requested charge." *Wright v. State*, 254 Ga. 484, 488 (4) (330 SE2d 358) (1985).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 5, 1998.

*Paul J. McCord*, for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Barbara B. Conroy, Assistant District Attorneys*, for appellee.