A99A2001. KELLY v. THE STATE.
(528 SE2d 812)

RUFFIN, Judge.

A jury found Jacqueline Kelly guilty of driving under the influence of alcohol to the extent that it was less safe for her to drive. On appeal, Kelly challenges the sufficiency of the evidence. Additionally, she contends that the trial court erred in: (1) refusing to excuse a juror for cause; (2) denying her motion for a mistrial; (3) admitting evidence of her character; and (4) allowing improper closing argument by the State. As the evidence was sufficient and Kelly's other arguments present no basis for reversal, we affirm.

1. In reviewing Kelly's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict.[1] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[2]

The record shows that at approximately 7:30 p.m. on March 25, 1998, Georgia State Patrol Trooper Moses Little saw Kelly drive her car through a stop sign without stopping. Although the posted speed limit was 50 mph, Little estimated that Kelly was driving between 65 and 70 mph. Little pulled Kelly over.

Upon approaching the car, Little smelled alcohol. He asked Kelly to exit the car to perform field sobriety tests. Little had Kelly perform the horizontal gaze nystagmus test, which, according to Little, indicated that Kelly was impaired. Little next asked Kelly to do the one-leg stand test. After beginning the test, Kelly stopped and told Little that she was unable to complete the test because of problems with her legs. Finally, Little asked Kelly to submit to an alco-sensor test. When the results of the test indicated that Kelly had alcohol in her system, Little placed Kelly under arrest for driving under the influence. Little informed Kelly of her implied consent rights and asked her to submit to chemical testing to determine whether she was under the influence of alcohol, but Kelly refused.

At trial, Kelly testified that she had three beers on March 25, but that she stopped drinking no later than 2:30 p.m. According to Kelly, she was not under the influence of alcohol when she was stopped by Little. Linda Wise, a friend of Kelly's, also testified and said that she was with Kelly the afternoon of March 25 and that Kelly did not appear to be intoxicated. The jury evidently disbelieved this testimony, as it found Kelly guilty of driving under the influence.[3]

In Georgia, it is unlawful for a person to drive a car while under the influence of alcohol to the degree that it is less safe for that person to drive.[4] The evidence showed that Kelly not only smelled of alcohol and failed field sobriety tests, but that she sped through a stop sign. Accordingly, the jury was authorized to find beyond a reasonable doubt that she was guilty of driving under the influence of alcohol to the extent that it was less safe for her to drive.[5]

2. Kelly also contends that the trial court erred in refusing to

---

[1] *Harris v. State*, 234 Ga. App. 126 (1) (505 SE2d 49) (1998).

[2] (Punctuation omitted.) Id.

[3] See *Self v. State*, 232 Ga. App. 735, 736 (2) (503 SE2d 625) (1998) ("Issues of witness credibility and the resolution of inconsistencies or conflicts in the evidence are strictly matters for the jury to weigh and consider.").

[4] OCGA § 40-6-391 (a) (1).

[5] See *Davidson v. State*, 237 Ga. App. 580, 581 (1) (516 SE2d 90) (1999).

strike a juror for cause after that juror expressed doubt regarding her ability to be impartial. According to Kelly, the trial court's refusal to strike this juror for cause forced her to use a peremptory strike. The potential juror initially stated that she "would try" to be fair and follow the law regarding driving under the influence, but that she had "very strong feelings about alcohol and driving." After additional questioning by the trial court, however, she concluded that she would be able to render a fair and impartial opinion based upon the evidence. Accordingly, the trial court refused to dismiss her for cause, and Kelly used a peremptory strike to remove the juror.

A trial court has broad discretion in determining whether to discharge a prospective juror for cause.[6] Because a juror expresses doubt about her impartiality, it does not automatically follow that she must be excused for cause as a matter of law.[7] Before a juror must be disqualified for cause, it must be shown that her opinion "is so fixed and definite that [she] will be unable to set the opinion aside and decide the case based upon the evidence."[8]

Although the juror was quite candid regarding her antipathy toward people who drink and drive, she ultimately believed that she could be fair and impartial. Under these circumstances, the trial court did not abuse its discretion in refusing to strike the juror for cause.

3. Kelly asserts that the trial court erred in refusing to grant a mistrial after the State asked Trooper Little to comment on her post-arrest silence. This assertion lacks merit.

During its case-in-chief, the State asked Little whether, after being arrested, Kelly said that she was not driving under the influence. Kelly immediately objected, claiming that the answer to the question would raise the issue of her post-arrest silence. Although the trial court sustained the objection, Kelly moved for a mistrial. The trial court denied the motion and asked Kelly to suggest a curative instruction. After some discussion, the parties agreed that the trial court would inform the jury the objection had been sustained and that the jury would be instructed on the defendant's right to remain silent. The trial court did so, and Kelly did not renew her motion for mistrial.

Pretermitting whether an unanswered question can constitute an improper comment on a defendant's post-arrest silence, Kelly presents no basis for reversal. The trial court sustained Kelly's objection, and she then agreed to a curative instruction that the trial court gave. After the trial court issued its curative instruction, Kelly never

---

[6] *Rower v. State*, 219 Ga. App. 865, 868 (1) (466 SE2d 897) (1996).
[7] *Patterson v. State*, 233 Ga. App. 776, 777 (3) (505 SE2d 518) (1998).
[8] (Punctuation omitted.) *Whatley v. State*, 270 Ga. 296, 298 (2) (509 SE2d 45) (1998).

renewed her motion for mistrial. Accordingly, she has waived this issue on appeal.[9]

4. Kelly argues that the trial court erred by allowing the State to introduce evidence of her character. On direct examination, Kelly asked her friend Wise if she had ever had the opportunity to observe intoxicated people and, if so, whether Kelly appeared intoxicated on March 25, 1998. On cross-examination, the State asked Wise if, prior to March 25, she had ever seen Kelly intoxicated. The trial court overruled Kelly's objection to the question, and Wise responded that she had seen Kelly intoxicated. On appeal, Kelly claims that her question to Wise on direct did not open the door to the State's inquiry and that the trial court erred in permitting the State to place her character into evidence.

"Generally, unless a defendant opens the door with evidence of [her] good character, bad character evidence is inadmissible."[10] As this Court recognized in *Wood v. State*,[11] however, once a witness for the defendant testifies that the defendant did not appear impaired, the State is entitled to cross-examine that witness to determine the facts upon which the witness' observation was based, "including [her] observations of [Kelly's] consumption of alcohol on previous occasions."[12]

Kelly contends that this case is distinguishable from *Wood v. State* because Wise based her response on direct examination "only on her general experience of observing others in an intoxicated state, and not on her past observations of the defendant." This is a distinction without a difference. Because Wise testified on direct that Kelly did not appear intoxicated, the State was entitled to cross-examine Wise to ascertain the basis for her opinion.[13] Accordingly, this claim of error lacks merit.

5. Finally, Kelly asserts that the State committed reversible error by making an improper closing argument. The State argued that, by refusing to submit to a State-administered test to determine her blood alcohol content, Kelly showed that she was conscious of her impairment and guilt. Kelly concedes that the evidence of her refusal to submit to the test is admissible but contends that it only creates an inference that the substance would be present in her blood — not that she is conscious of her impairment or guilt. Thus, Kelly maintains that the State exceeded the scope of permissible argument. We disagree.

---

[9] See *Binns v. State*, 237 Ga. App. 719 (1) (516 SE2d 583) (1999).
[10] *Woods v. State*, 235 Ga. App. 894, 896 (510 SE2d 848) (1999).
[11] 218 Ga. App. 563, 564 (462 SE2d 625) (1995).
[12] Id.
[13] See id.

Attorneys are allowed considerable latitude in making closing argument, and they may draw any inference from the evidence so long as that inference is both reasonable and legitimate.[14] Here, Kelly refused to submit to a State-administered test. It is not unreasonable to infer that her refusal stemmed from a fear that the results would be unfavorable — i.e., that she was conscious of her impairment or guilt. Accordingly, this enumeration of error lacks merit.[15]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2000.

*Paul J. Oeland IV*, for appellant.

*Richard R. Read, District Attorney, Mirza A. Baig, Robert G. Mikell, Assistant District Attorneys*, for appellee.

---

[14] *Brooks v. State*, 232 Ga. App. 115, 118 (11) (501 SE2d 286) (1998).
[15] See *McClain v. State*, 267 Ga. 378, 383-384 (3) (b) (1) (477 SE2d 814) (1996).