A01A1643. CHILDRESS v. THE STATE.
(554 SE2d 818)

ELDRIDGE, Judge.
Jason Michael Childress was charged with the offenses of driving under the influence of alcohol to the extent he was a less safe

---

driver (OCGA § 40-6-391 (a) (1)), driving with more than 0.10 percent blood alcohol content (OCGA § 40-6-391 (a) (5)), reckless driving (OCGA § 40-6-390), and failure to maintain lane (OCGA § 40-6-48). Childress moved to suppress all evidence obtained during his arrest, arguing that the arresting officer did not have probable cause to stop and arrest him and that he was not read his implied consent warnings. After a hearing, the trial court denied Childress's motion to suppress. Following a bench trial, the trial court found Childress guilty of DUI — less safe driver and failure to maintain lane. It is from this conviction that Childress appeals. Finding no error, we affirm.

1. Childress enumerates as error the denial of his motion to suppress. On appeal Childress's sole argument is that his arrest was without probable cause.

The appeal of a trial court's ruling on a motion to suppress is governed by three principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support those findings. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation and punctuation omitted.) *Perez v. State*, 249 Ga. App. 399-400 (547 SE2d 699) (2001).

Viewed in this light, the evidence shows that on October 22, 1999, Officer Teddy Ray Gribbins of the Henry County Police Department was patrolling the area of State Highway 155 and Kellytown Road. It was around midnight when Officer Gribbins initially traveled down Highway 155. At this time he did not notice any cars on the side of the highway. At approximately 2:48 a.m., Officer Gribbins was again traveling south down Highway 155. At this time, he noticed a red Nissan Sentra automobile which appeared to have run off the road. The vehicle had flat tires, "some damage to the front and sides and the passenger side window was busted out." Officer Gribbins did not see any debris in the roadway near the scene, nor did he see anyone nearby. Officer Gribbins checked the tag to make sure the car was not stolen, and because he had not seen anyone walking before he came upon the vehicle, he decided to continue south on Highway 155 to see if the driver needed assistance.

About two miles south, Officer Gribbins noticed Childress sitting

by the pay phone at a Chevron gas station. Officer Gribbins approached Childress without engaging his siren and emergency equipment. As Childress stood up, Officer Gribbins noticed that he was unsteady on his feet. Officer Gribbins testified that Childress's voice was slurred, his eyes were red and glassy, and he smelled strongly of an alcoholic beverage. Childress admitted that he had been driving the red Nissan Sentra and stated that he had run off the road when the tires on his vehicle had blown after hitting some debris. Childress further admitted to Officer Gribbins that he drank a couple of beers earlier.

When Officer Gribbins asked Childress to perform field sobriety tests, Childress refused and became argumentative. Officer Gribbins testified that Childress was "getting very loud and he kept walking toward me. We ended up back beside my car." At this point, because Childress was yelling and leaning up against Officer Gribbins's car, the police dog which was in Officer Gribbins's car became upset and started barking. Based upon Officer Gribbins's training and experience as a police officer and in investigating accidents and his observations at the scene, Officer Gribbins opined that Childress was under the influence of alcohol and less safe to drive and that he had run off the road, lost control of his vehicle, and struck the ditch which bent the right-side rims and flattened the tires of Childress's vehicle. Relying on this evidence, Officer Gribbins arrested Childress for DUI and failure to maintain lane.

> Under our law, there are three levels of police-citizen encounters. In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. This tier provides no Fourth Amendment protection. The second tier occurs when the officer actually conducts a brief investigative *Terry*[1] stop of the citizen. In this level, a police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity. The third tier of police-citizen encounters includes full-scale arrests that must be supported by probable cause.

(Citations and punctuation omitted.) *State v. Burks*, 240 Ga. App. 425, 426 (1) (523 SE2d 648) (1999).

---

[1] *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

Here, the evidence shows that Officer Gribbins's initial approach of Childress was without his blue lights and siren and was solely to determine if he were a motorist in need of assistance. Hence, Officer Gribbins's initial approach to Childress fell under the first level of a police-citizen encounter. While this first level questioning was taking place, Officer Gribbins observed that Childress was unsteady on his feet, his voice was slurred, his eyes were red and glassy, and he smelled strongly of an alcoholic beverage. These observations, along with Childress's admissions that he was the driver of the red Nissan Sentra and that he had consumed several beers and Childress's implausible explanation that he had run over some debris in the road, which debris Officer Gribbins had noted was not present, constituted sufficient probable cause to arrest Childress for DUI — less safe driver and failure to maintain lane. See *McClain v. State*, 226 Ga. App. 714 (487 SE2d 471) (1997).

2. Childress challenges both the trial court's denial of his motion for directed verdict and the sufficiency of the evidence to sustain his conviction. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Moon v. State*, 244 Ga. App. 443 (535 SE2d 771) (2000).

The evidence, as set forth in Division 1, along with Officer Gribbins's testimony at trial that Childress stated to him that he had not had anything to drink during the time period between when he had abandoned his vehicle and the time Officer Gribbins spoke with him at the Chevron station, was sufficient to allow a rational trier of fact to conclude that Childress was guilty beyond a reasonable doubt of the offenses of DUI — less safe driver and failure to maintain a lane. *Jackson v. Virginia*, supra. Childress's testimony to the contrary that the only time he consumed any alcoholic beverage was during his walk to the Chevron station is a matter of witness credibility for the finder of fact, in this case the trial judge.

> An appellate court does not weigh the evidence or determine witness credibility but only determines that the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, [supra]. Conflicting testimony is a matter of credibility for the [finder of fact] to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the [factfinder's] verdict.

(Citation and punctuation omitted.) *Wheeler v. State*, 236 Ga. App. 197, 198 (1) (511 SE2d 564) (1999).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 11, 2001.

*James P. Brown, Jr.,* for appellant.
Jason M. Childress, *pro se.*
*John T. Rutherford, Solicitor-General,* for appellee.