## A03A2063. LANWEHR v. THE STATE.
### (593 SE2d 897)

JOHNSON, Presiding Judge.

After a jury trial, Christopher Lanwehr was convicted of disobeying a traffic control device and driving under the influence of alcohol (DUI). He appeals, challenging the sufficiency of the evidence supporting the guilty verdict on the DUI charge, evidentiary rulings by the trial court, and the court's jury charge. The challenges are without merit, so we affirm Lanwehr's conviction.

At 2:35 a.m., on March 28, 2002, an Atlanta police officer was driving his patrol car north on Piedmont Road when he saw the car ahead of him go through a red stop light. He stopped the car and spoke to the driver, Lanwehr. The officer told Lanwehr he had stopped him for running a red light, and Lanwehr replied that he had been talking on his cellular telephone. The officer noticed that Lanwehr's face was flushed and that he smelled of beer.

The officer asked Lanwehr, who was still sitting in his car, to say the alphabet beginning with the letter D and ending with T. Lanwehr twice failed the test, skipping letters, saying them out of order, and failing to stop at T. The officer asked Lanwehr if he had drunk anything, and Lanwehr said that he had drunk two beers at 9:00 the previous evening.

The officer told Lanwehr to step out of his vehicle. Lanwehr lost his balance and used his hand to brace himself as he got out of the car. The officer asked Lanwehr to submit to field sobriety tests and a roadside alco-sensor breath test. Lanwehr refused, saying that a friend who is a lawyer had previously instructed him not to submit to any such tests. During their conversation, the officer noticed that Lanwehr's speech was slurred.

The officer placed Lanwehr under arrest for driving under the influence of alcohol. He read the Georgia implied consent notice to Lanwehr and asked him if he would take a state-administered breath test. Lanwehr refused to take a breath test.

During an inventory of the contents of Lanwehr's car, the officer found a cup containing beer in the car. Lanwehr told the officer that

he had actually drunk three beers, and that the beer in his car was one of those beers. The officer transported Lanwehr to jail, where he again refused to take a breath test.

1. In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to support the verdict, and the appellant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or assess witness credibility, but determine only whether a rational trier of fact could have found the accused guilty of the crime charged beyond a reasonable doubt.[2]

Lanwehr was charged with driving under the influence of alcohol to the extent that he was a less safe driver.[3] As to that crime, the jury heard testimony that Lanwehr ran a red light, had a cup containing beer in his car, admitted drinking beer, smelled of beer, could not properly recite a portion of the alphabet, slurred his words, lost his balance, and refused a state-administered breath test. Such evidence is sufficient to support the jury's finding that Lanwehr is guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent that he was a less safe driver.[4]

2. Lanwehr claims that the trial court erred in charging the jurors that they would be authorized to find Lanwehr guilty if they found beyond a reasonable doubt that he did drive under the influence of alcohol *and* did disobey a traffic control device. Lanwehr argues that the court should have clarified for the jury that there were two separate crimes charged and that they had to reach separate verdicts on each crime.

At worst, the charge could have misled the jurors into believing that they were authorized to return a guilty verdict only if they found beyond a reasonable doubt that Lanwehr had committed both the DUI *and* the running a red light offenses. If anything, such a charge was beneficial to Lanwehr because it increased the state's burden of proof by possibly leading the jurors to believe that if Lanwehr committed one of the offenses and not the other, then they could not return a guilty verdict on either charge. Any error in the jury instruction was therefore harmless.[5]

3. Lanwehr complains that the trial court erred in overruling his objection to the state's presentation of expert testimony without laying a proper foundation. The testimony that Lanwehr complains of occurred when the prosecutor was questioning the arresting officer

---

[1] *Stearnes v. State*, 261 Ga. App. 522 (1) (583 SE2d 195) (2003).

[2] Id.

[3] OCGA § 40-6-391 (a) (1).

[4] See *Johnson v. State*, 249 Ga. App. 29, 31-32 (2) (546 SE2d 922) (2001); *Driver v. State*, 240 Ga. App. 513, 517 (6) (523 SE2d 919) (1999); *Duggan v. State*, 225 Ga. App. 291, 292-294 (1) (483 SE2d 373) (1997).

[5] See *Johnson v. State*, 251 Ga. App. 455, 458 (3) (554 SE2d 587) (2001).

about his observation that Lanwehr's skin had been ruddy. The prosecutor asked the officer if two beers would make someone's skin red. Lanwehr's lawyer then raised the following objection: "Judge, I'm going to object. I mean how's he supposed to know? He's not a doctor in any way. You know, he never observed any — ."

The judge stated that he would allow the witness to answer the question. The prosecutor then rephrased the question, asking if the consumption of two beers over a five-hour period would make one's skin ruddy. Lanwehr's attorney restated his objection: "Once again, I don't understand how he could possibly know this." And the court reiterated that if the witness knew the answer he could answer the question. The officer then testified that a person's skin complexion would have returned to normal if he consumed only two beers over five hours.

The argument raised by Lanwehr on appeal — that the officer was not properly qualified as an expert to give testimony about human physiology — is not the same objection that he made at trial. At trial, Lanwehr's sole objection was that he did not see how the witness could know the answer to the question. While Lanwehr may very well have intended that objection to raise the issue of the witness' qualifications as an expert, we are constrained to find that the objection did not adequately raise that issue. Lanwehr's objection that he did not think the witness could know the answer to the question simply did not amount to a contention that the testimony in question had to be elicited from only an expert and that the state had failed to lay a foundation establishing the officer as such an expert.[6] Because Lanwehr did not object at trial on the basis of lack of foundation for expert witness testimony, he may not raise that argument for the first time on appeal.[7]

Moreover, even if the issue had been properly raised, the trial court did not err in overruling Lanwehr's objection.

> It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. To qualify as an expert, generally all that is required is that a person be knowledgeable in a particular matter; his special knowledge may be derived from experience as well as study, and formal education in the subject is not a requisite for expert status.[8]

---

[6] Compare *Livingston v. State*, 221 Ga. App. 630, 631 (1) (472 SE2d 163) (1996).

[7] See *Werner v. State*, 246 Ga. App. 677, 679 (2) (538 SE2d 168) (2000).

[8] (Citation and punctuation omitted.) *Livingston*, supra.

At the time of Lanwehr's trial, the arresting officer had over four years of law enforcement experience, had been trained in DUI detection and field sobriety testing, and had been involved in over a hundred DUI arrests. Based on his training and experience, the officer was qualified to testify about the effects of alcohol consumption on the body.[9]

4. Lanwehr contends that the trial court erred in refusing to allow him to testify that he would have taken other field sobriety tests if the arresting officer had asked him to take them. Lanwehr argues that the court incorrectly ruled that such testimony would have been mere speculation. Even if we assume, without deciding, that such testimony would not have been speculative, Lanwehr was not harmed by the trial court's ruling because prior to that ruling he had already testified that he would have taken any field sobriety tests requested by the officer other than a breath test.[10] Since the disallowed testimony would have been cumulative of other testimony admitted at trial, its exclusion was harmless.[11]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 30, 2004.

*Tara D. Dickerson, Kevin J. Jones*, for appellant.

*Joseph J. Drolet, Solicitor-General, Julie A. Kert, Assistant Solicitor-General*, for appellee.

---

[9] Id.

[10] See *Taylor v. State*, 272 Ga. 744, 747 (2) (534 SE2d 67) (2000).

[11] *Marshall v. State*, 275 Ga. 740, 743 (5) (571 SE2d 761) (2002).