## A07A0211. RICHARDSON v. THE STATE.
### (640 SE2d 676)

BLACKBURN, Presiding Judge.

Following a bench trial, Alec Richardson appeals his conviction for possession of methamphetamine with intent to distribute, contending that the trial court erred in denying his motion to suppress evidence found pursuant to a police traffic stop. Because there was evidence to support the trial court's finding that the traffic stop was justified by the officer's reasonable articulable suspicion of a crime, we must affirm.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State.*[1]

So viewed, the evidence shows that, at approximately 8:00 p.m. on August 17, 2005, a sheriff's deputy observed Richardson riding as a passenger in a car with the headlights off. Because the deputy believed the light conditions required the driver to use his headlights, the deputy pulled the car over. During his initial investigation, the deputy asked Richardson if he could search Richardson's pockets. Richardson consented, and the deputy found a methamphetamine pipe and residue. After securing Richardson, the deputy found a quantity of methamphetamine under the passenger seat where Richardson had been sitting.

Richardson was charged with possession of methamphetamine and possession of methamphetamine with intent to distribute. Richardson moved to suppress the evidence found pursuant to the traffic stop, which motion was denied after a hearing. Richardson consented to a bench trial, stipulating to the record from the suppression hearing. The trial court found Richardson guilty on both counts (with the possession charge merging), giving rise to this appeal.

Richardson's sole enumeration of error is that the trial court erred by denying his motion to suppress, in that the arresting deputy did not have reasonable articulable suspicion to pull over the vehicle in which Richardson was riding. We uphold the trial court's finding that the deputy did have reasonable articulable suspicion.

"In order to justify stopping a car, an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. A suppression motion arguing that a traffic stop

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

was pretextual necessarily fails where an officer observes the motorist committing even a minor traffic violation." (Punctuation and footnote omitted.) *Stearnes v. State.*[2]

Here, the deputy testified that he had reasonable articulable suspicion that the driver of the vehicle in which Richardson was riding was violating OCGA § 40-8-20, which provides as follows:

> Every vehicle upon a highway within this state at any time from a half-hour after sunset to a half-hour before sunrise and at any time when it is raining in the driving zone *and at any other time when there is not sufficient visibility to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lights, including headlights*, and illuminating devices as required in this part for different classes of vehicles, subject to exceptions with respect to parked vehicles as stated in this part.

(Emphasis supplied.)

The record shows that the deputy pulled the vehicle over at approximately 8:00 p.m., and the parties stipulated that the sun set at 8:20 p.m. Therefore, the vehicle was not violating the "half-hour after sunset" requirement in OCGA § 40-8-20. However, the deputy testified that "[i]t was dark outside. . . . It was right at the sunset time. There was a storm coming in. The other vehicles on the roadway had their headlights on. I had my headlights on. I believed it to be a safety factor." The deputy further testified that based on his training and experience, he believed the dark conditions required vehicles to have their headlights on. The deputy's statement regarding the storm was corroborated by a videotape of the traffic stop taken from the deputy's cruiser which showed that a heavy rain began falling approximately eight minutes into the traffic stop.

Richardson argues that the videotape shows that the light conditions at the time of the traffic stop were not sufficiently dark to require drivers to use headlights. However, viewing the record of the suppression hearing under the appropriate standard, we must affirm the trial court's ruling that the deputy had a reasonable articulable suspicion of a crime when he stopped the vehicle. The deputy's testimony about the light conditions at the time of the traffic stop and the videotape showing the rainstorm are some evidence in support of the trial court's ruling. This evidence precludes us from finding that the trial court's ruling was clearly erroneous. See *Tate v. State*, supra, 264 Ga. at 54 (1).

---

[2] *Stearnes v. State*, 261 Ga. App. 522, 524 (2) (583 SE2d 195) (2003).

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2006.

*Jeffrey R. Sliz,* for appellant.
*Lee Darragh, District Attorney, Kelley M. Robertson, Assistant District Attorney,* for appellee.