## 77262. THE STATE v. HIGHSMITH.
(380 SE2d 272)

Pope, Judge.

The State appeals the trial court's grant of appellee's motion in limine to suppress the results of a blood-alcohol test. Appellee was involved in a motorcycle-car collision in which he suffered serious injuries, including a partially severed foot. At the scene of the accident, the investigating officer detected an odor of alcohol on appellee's breath. An ambulance arrived at the scene and appellee was taken to the hospital. The investigating officer remained behind to complete his investigation. He placed the other driver under arrest for DUI and took him to the jail for booking. Approximately thirty minutes later, the officer went to the hospital where he read appellee his implied consent rights and then requested that appellee submit to a blood test. The officer testified that appellee appeared incoherent and that he read appellee the implied consent rights again and again requested that he submit to the blood test. According to the officer, appellee expressed his reluctance to have any more needles stuck in him after the first request and refused the test. After reassurance from the officer, appellee agreed to submit to the test, and blood was taken.

Appellee testified to a different version of events. According to appellee, the officer made three separate requests for a blood test. Appellee testified that he refused the first request by telling the officer to leave him alone, that he was in enough pain. He refused the second request saying he did not want any unnecessary needles. Upon the third request, appellee testified, he consented to get rid of the officer. Appellee further testified that he originally refused the test because he was scheduled to lose his license for five years the next day as an habitual violator and that an automatic six-month suspension as a result of refusing the test would not matter to him.

Appellee, through counsel, took the position that his consent to

the test was not freely and voluntarily given, and therefore the evidence should be suppressed. The trial court agreed, applying a "totality of circumstances" test as would be proper in determining whether a confession is freely and voluntarily given, and granted the motion to suppress. *Held*:

We reverse. "In Georgia, the state may constitutionally take a blood sample from a defendant without his consent. *Strong v. State*, 231 Ga. 514 (202 SE2d 428) (1973). Our 'Implied Consent Statute' (OCGA § 40-5-55) thus grants a suspect an opportunity, not afforded him by our constitution, to refuse to take a blood-alcohol test. OCGA § 40-6-392 and OCGA § 40-5-55 grant, rather than deny, a right to a defendant. We agree with the United States Supreme Court's view that neither choice afforded a defendant is 'so painful, dangerous, or severe, or so violative of religious beliefs' that no choice actually exists. *South Dakota v. Neville*, 459 U. S. 553 (103 SC 916, 74 LE2d 748) (1983). We thus find no compulsion on behalf of the state and no violation of due process or OCGA § 24-9-20. *Wessels v. State*, 169 Ga. App. 246 (312 SE2d 361) (1983)." (Indention and footnote omitted.) *Allen v. State*, 254 Ga. 433, 434 (330 SE2d 588) (1985). "[A] criminal defendant's refusal to submit to the test : . . is not the product of coercion, compulsion or force; rather it is the choice between options provided for by statute." *Wessels v. State*, 169 Ga. App. 246, 247 (312 SE2d 361) (1983).

Because the choice afforded a suspect under the Implied Consent Statute does not rise to the level of constitutional self-incrimination, it is improper for a court to apply the "totality of circumstances" test. The issues to be determined are simply whether the officer told the suspect of his implied consent rights in a timely fashion (*Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983); *Fore v. State*, 180 Ga. App. 196 (348 SE2d 579) (1986)), and whether the suspect revoked the implied consent. *Allen*, supra at 434.

As with any procedure, the court must evaluate the officer's actions to determine if the officer acted reasonably in the situation and whether the procedure was applied in a fair manner. We reject appellee's argument that once a suspect indicates to an officer that he refuses to submit to a blood-alcohol test, the matter is closed. Such a rigid rule would not be consistent with the approach our courts have followed in applying the statute in the cases set out earlier in this opinion.

It is clear from the record in this case that the officer did not act unreasonably. The initial refusal was equivocal and apparently based upon appellee's desire to avoid further pain. When assured by the officer that the test would be quick and relatively painless, appellee agreed to the test. The officer's actions were reasonable and the results of the tests should be admitted in evidence.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 1, 1989 —
REHEARING DENIED MARCH 21, 1989 —

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellant.
*James B. Ashby*, for appellee.