A95A0016. ALLENBRAND v. THE STATE.
(458 SE2d 382)

SMITH, Judge.

Ray Allenbrand was charged by accusation with driving under the influence of alcohol, OCGA § 40-6-391, failure to maintain lane, OCGA § 40-6-48, and no proof of insurance, OCGA § 40-6-10. A jury convicted Allenbrand on the charge of driving under the influence. His motion for new trial was denied and he appeals.

1. Allenbrand first asserts the trial court erred in denying his motion to suppress, contending the stop of his vehicle was pretextual and made without probable cause or reasonable suspicion. "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Barrett v. State*, 212 Ga. App. 745, 746 (443 SE2d 285) (1994).

Construed in favor of the trial court's ruling, the evidence shows the arresting officer was on patrol in eastern Cobb County when he observed a vehicle in front of him "weaving within its lane of travel and going onto the center line. He was in the outside lane, and he was weaving onto the center line and then jerking back into its lane of travel." The vehicle did this "on several occasions." When the vehi-

cle's left tires actually crossed into the adjoining lane, the officer pulled the vehicle over.

"In determining when an investigatory stop is unreasonably pretextual, the proper inquiry is not whether the officer could validly have made the stop but whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose. We have no hesitation in concluding that a reasonable officer would have stopped defendant after observing him weave [several] times on the . . . highway. The trial court did not err in denying the motion to suppress on the ground that the stop was unreasonably pretextual." (Citations and punctuation omitted.) *Guerrero v. State*, 198 Ga. App. 397 (1) (401 SE2d 749) (1991).

Allenbrand insists his acquittal on the failure to maintain lane charge invalidates the stop. At trial, Allenbrand's counsel provided a copy of OCGA § 40-6-48 to the arresting officer, then elicited testimony from the officer that "according to what he just read," Allenbrand did not violate OCGA § 40-6-48, because he did not pose a danger to other traffic at the time his left tires crossed into the other lane. However, the officer's opinion at trial is irrelevant here. Whether a citation is issued is "of no consequence" in determining the officer's probable cause to stop the vehicle. *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994). Allenbrand's eventual acquittal on the charge of failure to maintain lane is equally irrelevant in considering whether the officer had probable cause to stop Allenbrand at the time he observed his vehicle weaving within his lane and eventually crossing the line. Allenbrand's explanation at trial that his vehicle was weaving because the tires and steering were defective is also of no consequence in determining probable cause.[1] The trial court did not err in denying Allenbrand's motion to suppress on this ground.

2. Allenbrand, relying on *State v. Leviner*, 213 Ga. App. 99 (443 SE2d 688) (1994), contends the trial court improperly admitted evidence of his refusal to submit to a State administered breath test. The trial court in a well-reasoned order correctly rejected this contention. Unlike Leviner, Allenbrand did not tell the officer he did not understand the implied consent warnings, and presented no evidence at trial that he did not understand them.[2] Instead, he immediately told the officer that "attorneys in the past had advised him never to

---

[1] This assertion is tantamount to a concession that Allenbrand's vehicle was weaving repeatedly.

[2] Allenbrand contends he submitted no evidence of his confusion because the trial court refused to limit the State's cross-examination on this issue. But once a defendant testifies on his own behalf, the State has the right to a full and searching cross-examination. *Driver v. State*, 155 Ga. App. 726, 727 (1) (272 SE2d 580) (1980). As trial counsel acknowledged, a tactical decision was made not to call Allenbrand to testify to his confusion because of concern that evidence of his prior DUI offenses would be elicited on cross-examination.

take the breath test." As the trial court observed in its order, "[b]y following this advice of counsel in refusing to take the State's breath test . . . [Allenbrand] knowingly, and understandingly, waived his rights under the Implied Consent laws, and admitting his refusal to take the State's test was proper." By his own statement, Allenbrand demonstrated he was not deprived of an opportunity to make an informed choice; he had already made his choice based on the advice of counsel.

3. Allenbrand's reliance on *State v. Coleman*, 216 Ga. App. 598 (455 SE2d 604) (1995), is similarly misplaced. While he contends the trial court erred in admitting evidence of his refusal to take the breath test because as an out-of-state resident he was misinformed on the consequences of refusal, Allenbrand was not "deprived of making an informed choice," 216 Ga. App. at 599. He did not refuse the test because he was misinformed, but because he was following the previous advice of counsel.[3]

4. Finally, Allenbrand attempts to rely on this court's recent ruling in *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994), because the warning given to him did not fully advise him of his right to an independent test pursuant to OCGA § 40-6-392 (a) (4). Assuming without deciding that this issue would not be controlled by Allenbrand's refusal of the breath test on advice of counsel, he has failed to preserve it for appeal. On page 16 of a 23-page omnibus document containing 11 pleadings and filed three months before trial, Allenbrand arguably asserted that the officer failed to advise him of his right to an independent test. This argument, however, was not made at the hearing on the motion to suppress or at trial. "Defendant's attempt to raise on appeal arguments which were not raised during the motion to suppress or at trial will not be considered. [Cit.]" *Holden v. State*, 202 Ga. App. 558, 562 (2) (414 SE2d 910) (1992). This enumeration of error has no merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 31, 1995 —
RECONSIDERATION DISMISSED JUNE 19, 1995.

*James H. Carter, Jr.*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Cindi Yeager, Barry E. Mor-*

---

[3] This court also noted in *Coleman* that a distinction can be made between those circumstances in which the motorist submits to a breath test and those in which a test is refused, because "it is unlikely that overstating the penalty for refusing to take the test would coerce someone into *refusing* to take the test." 216 Ga. App. at 600.

*gan, Assistant Solicitors*, for appellee.