A09A0142. THE STATE v. GUYTON.
(673 SE2d 290)

MIKELL, Judge.

The state appeals from the grant of Kevin Charles Guyton's motion to suppress evidence obtained following a traffic stop of the

---

vehicle he was driving. At the hearing on the motion to suppress, the state introduced the testimony of the arresting officer and a partial videotape of the incident (a portion of the videotape having been accidentally recorded over). Thereafter, the trial court entered a lengthy order reciting its factual findings and drawing conclusions of law. The trial court ruled that the arresting officer lacked reasonable articulable suspicion to make the traffic stop of Guyton's vehicle. The state contends that the trial court's ruling was clearly erroneous. We disagree and affirm.

At a hearing on a motion to suppress, the trial judge sits as the trier of fact.[1] "And Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness."[2] Thus, on appellate review of a trial court's order on a motion to suppress evidence, we never second-guess the trial court's factual findings where they are based on testimonial evidence.[3] We note that, in the case at bar, the trial court expressly found that it could not credit the officer's testimony concerning whether Guyton was speeding immediately before the officer initiated the traffic stop, because the officer gave two different estimates of Guyton's speed, and because there were numerous other inconsistencies in his testimony.

Moreover, it is evident that the trial court was not laboring under a misapprehension of the applicable law. "[W]hen no error of law appears on the record, and the trial court's ruling is based on the credibility of the oral testimony presented at the hearing, we must . . . leave the decision to the trial judge as the trier of fact."[4]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 29, 2009.

---

[1] *State v. Sanders*, 274 Ga. App. 393 (617 SE2d 633) (2005).

[2] *Robinson v. State*, 295 Ga. App. 136, 139 (670 SE2d 837) (2008) (Mikell, J., concurring specially). Accord *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994) ("[c]redibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony") (citation and footnote omitted). Compare *Silva v. State*, 278 Ga. 506, 508 (604 SE2d 171) (2004) (de novo review proper where trial court accepted officer's version of events but applied incorrect standard of law).

[3] See *State v. Brown*, 278 Ga. App. 457, 458, 460 (629 SE2d 123) (2006) (affirming grant of motion to suppress where trial court determined that uncontradicted testimony of arresting officer, sole witness at suppression hearing, was not credible). Accord *Tate*, supra; *Robinson*, supra ("[e]ven if only one witness testifies and testifies unambiguously, credibility is nonetheless in issue"); *State v. Hester*, 268 Ga. App. 501, 505 (602 SE2d 271) (2004) (whole court) ("a trial judge may disbelieve the state's evidence, even if it is uncontradicted and unimpeached").

[4] *Hester*, supra at 506.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Robert D. James, Jr., Solicitor-General, Christopher W. Timmons, Alvera A. Riley, Assistant Solicitors-General*, for appellant.
*Howard J. Weintraub*, for appellee.