## A09A1390. THE STATE v. ROWELL.

(682 SE2d 343)

MIKELL, Judge.

Laura Rowell was accused of driving under the influence of alcohol to the extent that it was less safe for her to drive and per se DUI.[1] The trial court granted Rowell's motion to suppress the results of her state-administered breath test, ruling that the procedure used by the arresting officer to persuade her to rescind her refusal to take the test was not fair or reasonable.[2] The state appeals. Because there is evidence to support the trial court's factual findings and the court did not commit an error of law, we affirm the court's ruling.

At a hearing on a motion to suppress, the trial judge sits as the trier of fact.[3] "And Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness."[4] "Thus, on appellate review of a trial court's order on a

---

[1] OCGA § 40-6-391 (a) (1), (a) (5).

[2] See *Howell v. State*, 266 Ga. App. 480, 485 (1) (b) (597 SE2d 546) (2004) (procedure used to persuade an accused to rescind her refusal to submit to chemical testing must be fair and reasonable).

[3] *Page v. State*, 296 Ga. App. 431 (1) (674 SE2d 654) (2009).

[4] (Punctuation and footnote omitted.) *State v. Guyton*, 295 Ga. App. 786, 787 (673 SE2d

motion to suppress evidence, we never second-guess the trial court's factual findings where they are based on testimonial evidence."[5] We construe the evidence most favorably to the upholding of the trial court's findings and judgment[6] and affirm unless the court has committed an error of law.[7]

Viewed in its proper light, the evidence adduced at the suppression hearing shows that a Houston County deputy sheriff stopped Rowell when he observed her driving unsafely in heavy traffic. After he smelled alcohol emanating from Rowell, the deputy asked her to perform field sobriety tests. Rowell's performance indicated to the deputy that she was intoxicated, so he asked her to undergo an alco-sensor test. Rowell declined. The deputy then placed her under arrest and read her the implied consent warnings for a person over the age of 21 years. Rowell refused to submit to a state-administered chemical test. The deputy testified that he took her to jail and placed her in the "Intox room." He read Rowell the implied consent warnings a second time. According to the deputy, she "contemplated for a few minutes and went ahead and gave me a sample."

On cross-examination, the deputy testified that after he read Rowell the implied consent warnings a second time, she asked him some questions, including, "what happens if I blow and I'm under the limit? I said, then you'll be charged with what you're charged with, and you'll be gone." The deputy testified that he did not remember the exact words he said to her.

Rowell testified that when the deputy took her into the Intox room, he read her her rights and asked her if she would take the test. Rowell testified, "I told him no, that I was under . . . legal advice not to. And he said, well, you know if you blow under the legal limit I can let you go home to your son, and everything will be fine. . . . So then I finally blew." Rowell testified that she felt coerced by the deputy's statement.

In its order, the trial court credited Rowell's testimony "that she was told that if she blew under .08 no charges . . . would be made and she would be allowed to go home to her son." The trial court cited *State v. Highsmith*,[8] which held that a suspect may revoke his implied consent, although "the court must evaluate the officer's

---

290) (2009). Accord *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994) ("[c]redibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony") (citation and footnote omitted).

[5] (Footnote omitted.) *Guyton*, supra.

[6] *Page*, supra.

[7] *State v. Ellison*, 271 Ga. App. 898, 901 (3) (a) (611 SE2d 129) (2005).

[8] 190 Ga. App. 838 (380 SE2d 272) (1989).

actions to determine if the officer acted reasonably in the situation and whether the procedure was applied in a fair manner."[9] The trial court also relied upon *Howell v. State*,[10] in which this Court recognized that a law enforcement officer may attempt to persuade an accused to rescind her refusal to submit to chemical testing, as long as "the procedure utilized by the officer in attempting to persuade a defendant to rescind his refusal [is] fair and reasonable."[11] Applying these precedents, the trial court concluded that the procedure utilized by the deputy to persuade Rowell to rescind her refusal — telling her that she could go home to her son if she blew under the legal limit — was not fair or reasonable.

The state argues that the trial court confused the applicable law by stating in the order that whether the deputy's statements to Rowell to persuade her to take the test were coercive or misleading was an issue to be resolved.[12] We disagree. The court's statement reflects Rowell's testimony that she felt coerced when the deputy mentioned her son, which was at the heart of the case.

"When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal."[13] As the ruling in this case depended on the credibility of the witnesses and the court correctly applied the law, we affirm the grant of Rowell's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

## DECIDED JULY 16, 2009.

*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellant.
*Gregory W. Holt*, for appellee.

---

[9] Id. at 839.

[10] Supra.

[11] Id.

[12] See, e.g., *State v. Chun*, 265 Ga. App. 530, 531 (594 SE2d 732) (2004) (implied consent notice is not "substantively accurate . . . if the officer gives additional, deceptively misleading information that impairs a defendant's ability to make an informed decision about whether to submit to testing") (citations and punctuation omitted).

[13] (Footnote omitted.) *Ellison*, supra. Compare *State v. Quezada*, 295 Ga. App. 522, 523-524 (672 SE2d 497) (2009) (order suppressing breath test results reversed because trial court credited arresting officer's testimony but misinterpreted *Howell*, supra).