## A10A0094. IVEY v. THE STATE.
### (689 SE2d 100)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Gary Hall Ivey appeals his conviction for driving with an unlawful alcohol concentration (DUI per se).[1] Specifically, he contends that the trial court erred in denying his motion to suppress evidence discovered during a traffic stop because the stop was not supported by reasonable suspicion of criminal activity. For the reasons set forth below, we affirm.

The standard of review of a trial court's ruling on a motion to suppress is well established.

> When ruling on a motion to suppress, the trial court sits as the trier of facts, and its findings regarding them are not disturbed on appeal if there is any evidence to support them; the trial court's decisions with regard to questions of fact and credibility must be accepted unless clearly erroneous, and a reviewing court construes the evidence most favorably to the trial court's findings.

(Punctuation omitted.) *Whitmore v. State.*[2]

So construed, the evidence shows that on the night of September 16, 2008, a police officer on patrol observed a pickup truck driven by Ivey pull out of a shopping center parking lot onto the state highway just ahead of the officer. As the officer caught up to Ivey's truck, Ivey abruptly applied his brakes, for no apparent reason, and turned back into the shopping center's parking lot at the next entrance. Although he did not follow Ivey into the shopping center parking lot, the officer turned right at the next intersection in order to continue observing him. While doing so, the officer saw Ivey make a left turn out of a different entrance to the parking lot and then a right turn back onto the state highway. The officer then turned back onto the highway and began following Ivey. A few moments later, the officer noticed that Ivey, again, abruptly applied his brakes for no apparent reason and drifted from the left side of his lane to the right side to the extent that his right rear-view mirror and part of the body of his truck crossed into the fog line. Believing that Ivey's erratic driving

---

[1] OCGA § 40-6-391 (a) (5).

[2] *Whitmore v. State*, 289 Ga. App. 107, 107 (657 SE2d 1) (2008).

indicated that he was possibly under the influence of alcohol, the officer initiated a traffic stop of Ivey's truck. Following that stop, the officer arrested Ivey for DUI and failure to operate his vehicle within a single lane.

Ivey was charged by accusation with failure to operate his vehicle within a single lane,[3] driving under the influence of alcohol to the extent that it was less safe for him to drive,[4] and driving under the influence with an unlawful blood alcohol concentration. Prior to trial, Ivey filed a motion to suppress the evidence that was discovered as a result of the traffic stop, arguing that the stop was unlawful. After holding a hearing on the issue, in which the arresting officer testified to the above facts and in which Ivey testified, the trial court denied Ivey's motion, finding that the traffic stop was lawful.

At the subsequent bench trial, Ivey stipulated that the evidence was sufficient to support a conviction on the DUI per se charge but maintained that he was contesting the lawfulness of the traffic stop. At the trial's conclusion, the court found Ivey guilty of the DUI per se charge but not guilty of the failure to operate his vehicle within a single lane charge. Thereafter, Ivey filed a motion for new trial on the ground that the traffic stop was unlawful, which the trial court denied. This appeal followed.

In his sole enumeration of error, Ivey contends that the trial court erred in denying his motion to suppress the evidence resulting from the traffic stop, arguing that the stop was unlawful because the police officer had no reasonable articulable suspicion of criminal activity. We disagree.

> An officer may conduct a brief investigatory stop of a vehicle if such stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. The specific articulable suspicion must be based on the totality of the circumstances — objective observations, known patterns of certain kinds of lawbreakers, and inferences drawn and deductions made by trained law enforcement personnel.

(Punctuation omitted.) *Veal v. State*.[5]

In this matter, the officer who conducted the traffic stop testified that he did so because Ivey was driving erratically by braking for no reason, by abruptly turning back into a shopping center parking lot that he had just exited, and by drifting from the left side of his lane

---

[3] OCGA § 40-6-48 (1).
[4] OCGA § 40-6-391 (a) (1).
[5] *Veal v. State*, 273 Ga. App. 47, 49 (614 SE2d 143) (2005).

to the right side to the extent that his rear-view mirror crossed into the fog line. "It is well established that weaving, both out of one's lane and within one's own lane, particularly when combined with other factors, may give rise to reasonable articulable suspicion on the part of a trained law enforcement officer that the driver is violating the DUI laws." Id. See *Johnson v. State*[6] (turning around to avoid police and weaving within lane justified stop); *Semich v. State*[7] (same); *State v. Diamond*[8] (grant of motion to suppress reversed; straddling lane line and signaling for a non-existent turn justified stop).

Nevertheless, Ivey argues that his acquittal of the charge of failure to operate his vehicle within a single lane supports his contention that the officer had no reasonable articulable suspicion justifying the traffic stop. Again, we disagree. Ivey's "eventual acquittal of failure to maintain lane is not determinative of whether the traffic stop was lawful." *Steinberg v. State*.[9] Indeed, "[t]he conduct forming the basis of the reasonable suspicion need not be a violation of the law." *Veal*, supra, 273 Ga. App. at 49. See *Semich*, supra, 234 Ga. App. at 91 (b). Accordingly, the trial court's ruling, denying Ivey's motion to suppress the evidence resulting from the traffic stop, was not clearly erroneous.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 29, 2009.

*Sexton & Morris, Lee Sexton*, for appellant.
*Jamie K. Inagawa, Solicitor-General, Joseph B. Myers, Jr., Assistant Solicitor-General*, for appellee.

---

[6] *Johnson v. State*, 251 Ga. App. 659, 661 (3) (555 SE2d 34) (2001).
[7] *Semich v. State*, 234 Ga. App. 89, 92-93 (b) (506 SE2d 216) (1998).
[8] *State v. Diamond*, 223 Ga. App. 164, 166-167 (477 SE2d 320) (1996).
[9] *Steinberg v. State*, 286 Ga. App. 417, 419 (1) (650 SE2d 268) (2007).