## A10A1472. POLK v. THE STATE.
### (700 SE2d 839)

MILLER, Chief Judge.

Following a stipulated bench trial,[1] the trial court found Christopher D. Polk guilty of driving under the influence of alcohol — less safe (OCGA § 40-6-391 (a) (1)) and failure to maintain lane (OCGA § 40-6-48 (1)).[2] On appeal, Polk challenges the denial of his motion to suppress. Finding no error, we affirm.

In reviewing a trial court's decision on a motion to suppress,

> the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Footnote omitted.) *Stearnes v. State*, 261 Ga. App. 522, 524 (2) (583 SE2d 195) (2003).

So viewed, the evidence adduced at the hearing on the motion to

---

[1] Counsel for the parties stipulated that the evidence was sufficient to support Polk's conviction of driving under the influence of alcohol – less safe. OCGA § 40-6-391 (a) (1).

[2] The State dismissed the offense of "laying drags" (OCGA § 40-6-251) prior to the bench trial.

PALM LAW LIBRARY

suppress shows that on October 13, 2007, Forsyth County Officer Christopher Hall was traveling northbound on Post Road near the Vickery subdivision when he observed Polk's vehicle pull out of the subdivision. As Polk entered the intersection at Majors Road, the vehicle's tires were "spinning" as the vehicle "kicked its rear end sideways to the right" and abruptly turned on to Post Road, in a northbound direction. As he did so, Polk failed to maintain his lane as he entered Post Road. The officer followed Polk's vehicle and observed it travel over the right-hand side of his lane and on top of the fog line, then weave across to the centerline and on top of it, breaking "the [plane] of the outermost edge of the center line." During this maneuver, Polk struck at least one lane marker before drifting back over to, and on top of, the fog line. After Polk's vehicle weaved a second time in this manner and made an abrupt stop before making a wide turn onto Bentley Road, the officer stopped Polk for failure to maintain lane and for "laying drags." The officer asked Polk to step out of the vehicle and had him perform field sobriety tests. Based on his performance, Polk was arrested for driving under the influence of alcohol. A videotape of the traffic stop was admitted into evidence.

At the bench trial, Polk stipulated that the evidence was sufficient to support a conviction on the driving under the influence of alcohol — less safe charge but challenged the lawfulness of the traffic stop.

In his sole enumeration of error, Polk argues that the trial court erred in denying his motion to suppress because the stop of his vehicle was pretextual and lacked reasonable articulable suspicion of criminal activity. We disagree.

"In order to justify stopping a car, an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Punctuation and footnote omitted.) *Stearnes*, supra, 261 Ga. App. at 524 (2). To determine if an investigatory stop is unreasonably pretextual, "the proper inquiry is not whether the officer could validly have made the stop but whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose." (Citation and punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609, 610 (1) (458 SE2d 382) (1995).

Here, the arresting officer testified that he stopped Polk for failure to maintain lane and for "laying drags," which the trial court found to provide reasonable articulable suspicion for the traffic stop. Pretermitting whether Polk committed the offense of "laying drags," we conclude that the totality of the circumstances supports the trial court's findings.

Construing the evidence in the light most favorable to the trial court's finding, there was evidence that Polk failed to maintain his

lane. OCGA § 40-6-48 (1) ("A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."). Here, Polk violated OCGA § 40-6-48 (1) based on evidence that he twice crossed over the centerline on Post Road and "broke the [plane] of the outermost edge of the center line." Further, Polk was also weaving within his lane and struck a lane marker, and the officer deemed the entirety of Polk's driving to be unsafe. *Steinberg v. State*, 286 Ga. App. 417, 419 (1) (650 SE2d 268) (2007) ("weaving without reason into nearby lanes violates OCGA § 40-6-48 (1) and justifies a stop") (punctuation and footnote omitted); *Allenbrand*, supra, 217 Ga. App. at 610 (1) (officer's stop of defendant was not pretextual where evidence showed that defendant weaved several times within his lane of travel, onto the centerline, then jerked back into his lane of travel).

Further, other factors such as the abrupt manner in which Polk pulled out of the subdivision and "kicked its rear end sideways to the right," his spinning tires, and the abrupt stop he made before turning onto Bentley Road provided the officer sufficient reasonable articulable suspicion to stop Polk. See *Ivey v. State*, 301 Ga. App. 796, 797-798 (689 SE2d 100) (2009) (stop was justified based on defendant's erratic driving by braking for no reason, abruptly turning back into the parking lot he exited, and drifting from the left side of his lane to the right side such that his rear view mirror crossed into the fog line); see also *Veal v. State*, 273 Ga. App. 47, 49 (614 SE2d 143) (2005) ("The conduct forming the basis of the reasonable suspicion need not be a violation of the law.") (footnote omitted).

Notwithstanding Polk's argument to the contrary, the videotape is not inconsistent with the officer's testimony regarding a violation of OCGA § 40-6-48 (1) and that Polk weaved within his lane. Even were it otherwise, any conflicts in the evidence as to the manner in which a defendant was driving is a credibility issue for the factfinder. See *Childress v. State*, 251 Ga. App. 873, 874 (1) (554 SE2d 818) (2001); see also *Steinberg*, supra, 286 Ga. App. at 418-419 (1) (although the facts were disputed, there was evidence to support the trial court's finding that defendant twice crossed the centerline). We have no basis to "second-guess the trial court's factual findings where they are based on testimonial evidence[,]" i.e., the testimony of Officer Hall, which the trial court was entitled to credit. *Jackson v. State*, 297 Ga. App. 615 (677 SE2d 782) (2009). Since there is evidence to support the court's finding of reasonable articulable suspicion for the traffic stop, the trial court's ruling denying Polk's motion to suppress was not clearly erroneous.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 2010.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Amy K. Radley, Sonya E. Grounds, Assistant Solicitors-General*, for appellee.