**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**February 8, 2013**

# In the Court of Appeals of Georgia

A12A2057. ACREE v. THE STATE.

MILLER, Presiding Judge.

Following a bench trial, William Garrett Acree was convicted of driving under the influence of alcohol to the extent he was a less safe driver ("DUI-less safe" OCGA § 40-6-391 (a) (1)) and failure to maintain lane (OCGA § 40-6-48 (1)). Acree filed a motion for new trial, which the trial court denied. On appeal, Acree contends that the trial court erred in denying his motion to suppress because the police officer lacked a reasonable suspicion to justify the traffic stop. Acree also argues that the traffic stop was unconstitutional because he did not commit a traffic violation. For the reasons that follow, we affirm.

> In ruling upon a motion to suppress, the trial judge is the trier of fact, having sole province of determining witness credibility and resolving evidentiary conflicts or inconsistencies. On appeal, we

> construe the evidence in a light favorable to upholding the lower court's findings, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. However, we apply a de novo standard of review to the trial court's application of law to those facts that are undisputed.

(Citations and punctuation omitted.) *Hall v. State*, 310 Ga. App. 397 (714 SE2d 7) (2011).

So viewed, the evidence shows that on the night of April 19, 2008, an officer with the Forsyth County Sheriff's Department was traveling on the roadway when he noticed Acree's vehicle having difficulty maintaining its lane. The officer observed that Acree's vehicle's tires crossed the white fog lines on the right-hand side of the road. The officer activated the camera in his patrol car and continued to follow Acree. The officer then observed Acree's vehicle cross the solid double yellow line. The officer initiated a traffic stop based upon Acree's failure to maintain lane.

When the officer approached Acree, the officer detected an odor of alcohol coming from the vehicle. Acree's speech was slurred and he appeared to be unsteady as he exited the vehicle and walked. Acree failed the field sobriety tests administered to him. Acree was arrested and convicted of DUI-less safe and failure to maintain lane.

On appeal, Acree contends that the trial court erred in denying his motion to suppress because the officer lacked a reasonable suspicion to conduct the traffic stop. We disagree.

To initiate a traffic stop, "an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Punctuation omitted.) *State v. Simmons*, 283 Ga. App. 141, 143 (640 SE2d 709) (2006). "A traffic offense provides the necessary facts for such reasonable suspicion. When an officer witnesses a traffic offense, a resulting traffic stop does not violate the Fourth Amendment, regardless of the officer's motives for initiating the stop." (Punctuation omitted.) Id.

Here, there was evidence that Acree failed to maintain his lane. "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]" OCGA § 40-6-48 (1). The officer testified that before he activated the camera in his patrol car, he observed Acree's vehicle's tires cross the white fog line on the right-hand side of the road. Acree argues that the officer's testimony was not credible and that the officer did not have a sufficient basis to initiate the traffic stop because a video recording showed that his vehicle's tires only

3

briefly touched the centerline. In denying Acree's motion to suppress, the trial court found that the officer's testimony and the video established a sufficient basis to justify the stop. The trial court, as the trier of fact, had the sole province of determining the credibility of witnesses and resolving any conflicts or inconsistencies in the evidence. See *O'Neal v. State*, 311 Ga. App. 102 (714 SE2d 744) (2011). Based on the officer's testimony, the trial court was authorized to conclude that officer had a reasonable suspicion to initiate a traffic stop. See *Polk v. State*, 305 Ga. App. 677, 679 (700 SE2d 839) (2010) (officer was authorized to stop driver for failing to maintain lane when driver crossed over center line and broke outermost edge of the centerline). Moreover, our review of the videotape confirms the trial court's finding that the stop by the police officer was justified. The videotape shows that Acree touched the centerline, drifted back, and then touched the right fog line. Acree's weaving justified a stop under OCGA § 40-6-48 (1). See *Polk*, supra, 305 Ga. App. at 679 (officer's stop of defendant was authorized where evidence showed that defendant weaved within his lane of travel); *Steinberg v. State*, 286 Ga. App. 417, 419 (1) (650 SE2d 268) (2007) ("weaving without reason into nearby lanes violates OCGA § 40-6-48 (1) and justifies a stop") (punctuation and footnote omitted). Since the officer had a reasonable suspicion that Acree violated OCGA § 40-6-48 (1), the

4

stop was justified, and the trial court did not err in denying Acree's motion to suppress.

*Judgment affirmed. Ray and Branch, JJ., concur.*