**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 11, 2014**

# In the Court of Appeals of Georgia

A14A0626. HUMPHRIES v. THE STATE.

BARNES, Presiding Judge.

After a bench trial, at which the appellant stipulated to using evidence adduced at a motion to suppress hearing as evidence for trial, the trial court found Jennifer Humphries guilty of DUI per se and failure to maintain a lane. On appeal, she contends the trial court erred in finding that the officer used "fair and reasonable" means of obtaining her consent to take a breathalyzer test. Specifically, she argues that after she initially refused to submit to a breath test, the officer threatened that her refusal would result in a forcible blood draw and longer confinement while a search warrant was obtained to draw her blood. For the following reasons, we affirm.

"On appeal from a criminal conviction that follows a bench trial, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light

favorable to the trial court's finding of guilt." (Citation and punctuation omitted.) *Hinton v. State*, 319 Ga. App. 673 (738 SE2d 120) (2013). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt. 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that on October 26, 2012, Humphries was pulled over by two policemen for weaving and driving "excessively slow in the fast lane" of the highway While they were talking, the officer noted a strong odor of alcohol coming from her breath. Humphries admitted to consuming a couple of beers, but declined to take a preliminary roadside alco-sensor test and was not asked to do field sobriety tests because she was on crutches. Humphries told the officer that she had been told that "I don't have to blow," and the officer replied, "That's absolutely right, you don't have to." Humphries then told the officer that she would not take the test, and the officer indicated that it was her choice, but that based on his observations, he was going to arrest Humphries for a DUI. The officer instructed Humphries to call someone to pick up her car. When she asked further questions about the alco -sensor test, the officer said, "Ma'am, it's not optional, either you're submitting or you're not, which do you want to do?" She again said no. The officer

2

read her the Implied Consent notice, and asked again if she would consent to testing, and when Humphries replied that she would not, the officer said that was fine, and that he would get a search warrant to draw her blood.

As they waited on a friend to pick up her car, Humphries questioned the officer about the intake process, and the officer told her that "it's going to be a longer process [getting out of jail] because you refused . . . the State's test." But he also repeatedly told her again that it was her decision. Humphries was transported to jail, and after being re-read the notice at the jail, she agreed to take the state-administered breath test. She registered a 0.216 on the Intoxilizer 5000.

Humphries filed a motion to suppress, arguing, among other things, that after her initial refusal to take the breath test, the police officer later coerced her into rescinding her refusal by threatening her with obtaining a search warrant to take a blood sample, and delayed release from jail. In denying her motion to suppress, the trial court found that actions of the police officers were "fair and reasonable," and the "refusal was not coerced." On appeal, Humphries contends that the trial court erred in holding that the officers' actions were fair and reasonable and not coercive. We do not agree.

[O]n appellate review of a trial court's order on a motion to suppress evidence, we never second-guess the trial court's factual findings where they are based on testimonial evidence. We construe the evidence most favorably to the upholding of the trial court's findings and judgment and affirm unless the court has committed an error of law.

(Punctuation and footnotes omitted.) *State v. Rowell,* 299 Ga. App. 238, 239 (682 SE2d 343) (2009).

One who operates a motor vehicle on Georgia's highways is deemed to have given consent to chemical testing of a bodily substance to determine the presence of alcohol or other drugs. Although consent is implied, before test results may be admitted into evidence the state must show that the accused had been advised of his rights under the Implied Consent Statute.

(Citations omitted.) *Travis v. State,* 314 Ga.App. 280, 282(2) (724 SE2d 15) (2012); see OCGA § 40–5–67.1 (b) (2). However,

[e]ven when the officer properly gives the implied consent notice, if the officer gives additional, deceptively misleading information that impairs a defendant's ability to make an informed decision about whether to submit to testing, the defendant's test results or evidence of his refusal to submit to testing must be suppressed. The suppression of evidence, however, is an extreme sanction and one not favored in the law.

4

(Punctuation and footnote omitted.) *Page v. State*, 296 Ga. App. 431, 433 (1) (a) (674 SE2d 654) (2009).

If a person has declined to submit to a state-administered test, officers are allowed to use "fair and reasonable" methods of persuasion to get them to rescind the refusal. *Howell v. State*, 266 Ga. App. 480, 485 (597 SE2d 546) (2004). See *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989) (a suspect may revoke his implied consent, although "the court must evaluate the officer's actions to determine if the officer acted reasonably in the situation and whether the procedure was applied in a fair manner."). If it is determined that the officer acted in a manner to coerce consent, then the evidence obtained must be suppressed. See *State v. Rowell*, 299 Ga. App 238, 239-240 (682 SE2d 343) (2009) (affirming trial court's finding that an officer's actions were not fair or reasonable when the defendant testified that she felt coerced when the officer told her if she blew under the legal limit, he'd let her go home to her son.)

Humphries contends that, although she later consented to the Intoxilizer test, some of the officer's statements before she changed her mind rose to the level of coercion, specifically the statements that the test was not optional and that it would

5

take longer to be processed out of jail if she did not submit to the test. We do not agree.

Despite Humphries' contentions, none of the officer's statements to Humphries were deceptively misleading or inaccurate. Although he said it would take longer to be processed and released as a result of her refusal, this information was not misleading or deceptive information, as he explained to Humphries that the process of acquiring a warrant would mean additional time before she could be processed out of custody. Further, regarding the officer's statement that he would obtain a warrant to retrieve Humphries blood, a statement that police would obtain a warrant if defendant refused to consent to search, being true, "does not amount to such duress or coercion as would invalidate the subsequent search." (Punctuation omitted.) *Farley v. State,* 195 Ga. App. 721, 722 (394 SE2d 585) (1990); compare *Wallace v. State*, 325 Ga. App. 142, 144-145 (751 SE2d 887) (2013) (when an officer incorrectly informs a defendant that his refusal to submit a breath test could not be used against him, a motion to suppress should be granted). Moreover, although Humphries contends that by saying consent was "not optional," the officer was giving her any choice but to take the test, upon our review of the video of the stop, it appears that the officer's statement was that she either had to submit or not submit and that to not do

6

one or the other was not optional. However, the officer repeatedly told Humphries that the decision was up to her.

Under the circumstances, we conclude that the trial court had a substantial basis for making its finding that the officer's statements did not render Humphries incapable of making an informed decision about whether to submit to the breath test. The traffic stop video does not clearly suggest that the officer's statements were made to coerce Humphries into consenting. The officer continued to alert Humphries that it was her decision to make, and that the booking department at the jail would provide her with further information regarding future processes.

Thus, the trial court did not err in denying Humphries' motion to suppress, and we find the evidence sufficient to sustain her convictions for DUI per se and failure to maintain a lane. See *Page v. State*, 296 Ga. App. 431, 434 (1) (b) (674 SE2d 654) (2009) ( officer's actions not unreasonable or coercive when Page initially refused consent to testing when asked at the scene of the traffic stop, but later rescinded her refusal and consented to the test.)

*Judgment affirmed. Boggs and Branch, JJ., concur.*

7