**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 8, 2023**

# In the Court of Appeals of Georgia

A23A0449. LUTE v. THE STATE.

HODGES, Judge.

Following a bench trial based largely upon stipulated facts, the State Court of Coweta County entered a judgment of conviction against Brandon James Lute for one count each of DUI-less safe (alcohol) (OCGA § 40-6-391 (a) (1)) and failure to maintain lane (OCGA § 40-6-48). Lute appeals directly from the judgment of conviction, arguing that the trial court erred in denying his pretrial motion to suppress and that the evidence was insufficient to support his conviction for failure to maintain lane. For the following reasons, we affirm the trial court's judgment denying Lute's motion to suppress, but reverse his conviction for failure to maintain lane.

Our initial standard of review is well-settled:

[o]n appeal from a criminal conviction that follows a bench trial, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia* [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)].

(Citation and punctuation omitted.) *Sullivan v. State*, 326 Ga. App. 441, 441-442 (756 SE2d 671) (2014). So viewed, the evidence revealed that a Newnan police officer was on patrol looking for possible vehicle break-ins at approximately 1:33 a.m. on July 1, 2019.[1] At that time, the officer spotted Lute's vehicle approaching from the opposite direction while traveling on Lake Forest Drive in Newnan, Coweta County. Lake Forest Drive is an unlined roadway, and Lute's vehicle was in the middle of the roadway and appeared to swerve toward the officer's vehicle. Fearing that Lute might hit him, the officer moved his vehicle to the right curb and activated the vehicle's headlights. Lute was weaving on Lake Forest Drive and "was definitely not on his side of the road," and the officer decided to follow Lute as Lute drove past him.

---

[1] Due to the nature of the officer's patrol, the headlights on his vehicle were not activated at that time.

Lute turned right onto Summery Grove Parkway, and the officer did not observe anything about Lute's driving due to the short length of the roadway. When Lute turned left onto Lower Fayetteville Road, which is divided into two lanes, the officer saw Lute weaving within his lane and touching the center line. After Lute turned again, the officer activated his vehicle's blue lights and stopped Lute. For his part, Lute admitted that he told officers he had consumed alcohol but also testified that he was in the middle of Lake Forest Drive to avoid cars parked along the curb. Lute consented to a state-administered breath test, which demonstrated a blood alcohol level of 0.214.

1. In his first enumeration of error, Lute contends that the trial court erred in denying his motion to suppress because weaving within his own lane did not provide reasonable articulable suspicion to support the traffic stop. We do not agree.

When an appellate court reviews a trial court's decision on a motion to suppress,

> the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Citation omitted.) *Polk v. State*, 305 Ga. App. 677 (700 SE2d 839) (2010). "To initiate a traffic stop, an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Citation and punctuation omitted.) *Acree v. State*, 319 Ga. App. 854, 855 (737 SE2d 103) (2013).

> In this case, the trial court found that the officer
>
> observed [Lute] traveling in the middle of Lake Forest Drive at 1:33 a.m. on July 1, 2019. [Lute] was traveling into [the officer's] lane oncoming and [the officer] turned on lights on his marked patrol vehicle; [the officer] began to follow [Lute] when [Lute] turned onto Lower Fayetteville[.] [Lute] was weaving within his lane between lane line and fog line and touching the lines. [The officer] initiated a traffic stop because he suspected [Lute] was DUI.

Contrary to Lute's argument, we have held, on multiple occasions, that a vehicle weaving within its lane can provide sufficient articulable suspicion to support a traffic stop:

> Most of these cases focus on the weaving not as a traffic offense but as an indication that the driver was possibly intoxicated, which in this context authorized police to stop the driver to determine if the suspicion, a reasonable one, was accurate. This Court has specifically determined that an officer's observation of a motorist's "weaving" may serve as sufficient reason to warrant an investigative stop for a possible DUI

4

violation. Thus the behavior giving rise to the reasonable suspicion need not be a violation of the law.

*Veal v. State*, 273 Ga. App. 47, 49-50 (614 SE2d 143) (2005); see also *Semich v. State*, 234 Ga. App. 89, 91 (b) (506 SE2d 216) (1998); *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996); *State v. Whitfield*, 219 Ga. App. 5, 7 (463 SE2d 728) (1996); *Allenbrand v. State*, 217 Ga. App. 609, 609-610 (1) (458 SE2d 382) (1995). The officer's testimony at the hearing on Lute's motion to suppress demonstrated that Lute drove in the middle of the roadway, swerved in the direction of the officer's marked patrol vehicle, and that the officer observed Lute weaving within his lane after turning onto a lined roadway.

> The trial court, as the trier of fact, had the sole province of determining the credibility of witnesses and resolving any conflicts or inconsistencies in the evidence[,] [and] [b]ased on the officer's testimony, the trial court was authorized to conclude that the officer had a reasonable suspicion to initiate a traffic stop.

(Citations omitted.) *Acree*, 319 Ga. App. at 855.

2. Next, Lute argues that the evidence was insufficient to support his conviction for failure to maintain lane. On this point, we agree.

5

OCGA § 40-6-48 (1) provides that "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]" Here, the evidence revealed that the officer observed Lute driving in the middle of an unlined roadway, swerve in his direction, and weave within his lane after turning onto another roadway with marked lanes. This evidence, even when viewed in a light most favorable to the trial court's verdict, does not support Lute's conviction for failure to maintain lane. Therefore, we reverse Lute's conviction as to that charge. See *Waters v. State*, 306 Ga. App. 114, 118 (3) (701 SE2d 550) (2010) (noting absence of evidence that defendant's vehicle "crossed into the adjacent lane of traffic"); *State v. Hanson*, 243 Ga. App. 532, 540 (532 SE2d 715) (2000) ("weaving within a traffic lane was not a violation of Georgia law"); compare *Humphries v. State*, 327 Ga. App. 542, 545 (759 SE2d 611) (2014) (finding evidence sufficient to support conviction for failure to maintain lane due to "weaving"); *Kuehne v. State*, 274 Ga. App. 668, 669 (1) (618 SE2d 702) (2005) (emphasizing need for portion of defendant's vehicle to cross into opposite lane in order to support conviction for failure to maintain lane).

6

In sum, weaving within one's own lane of travel on a lined roadway may provide reasonable articulable suspicion, under the totality of the circumstances, to initiate a traffic stop, but it is not itself a violation of Georgia law. To that end, we affirm the trial court's judgment denying Lute's motion to suppress, but reverse Lute's conviction for failure to maintain lane.

*Judgment affirmed in part and reversed in part. Miller, P. J., and Mercier, J., concur.*